UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK A. TICER d/b/a LAW OFFICE OF MARK A. TICER, | § § § | |
| *Plaintiff*, | § § | Civil Action No. 3:19-CV-00481-X |
| v. | § § | |
| IMPERIUM INSURANCE COMPANY and IRONSHORE INDEMNITY, INC., | § § § | |
| *Defendants*. | § | |

# MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff Mark A. Ticer's *Motion for Remand*. After careful consideration, and for the reasons provided below, the Court **DENIES** the motion.[1] Therefore, Ticer's claims against defendant Imperium Insurance Company (Imperium) are severed and remanded to state court, while Ticer's claims against defendant Ironshore Indemnity, Inc. (Ironshore) will proceed, under diversity jurisdiction, before this Court.

I.

Before addressing Ticer's motion, the Court briefly provides the facts and procedural history of this case.

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

A.

Ticer does business as the Law Office of Mark A. Ticer. He is a resident of Dallas County and a citizen of Texas. On January 17, 2019, Ticer filed a petition in the 193rd Judicial District Court of Dallas County against defendants Imperium and Ironshore. In his petition, Ticer alleged claims for breach of contract, prompt pay violations, and violations of the Texas Insurance Code. Ticer filed an amended petition on January 29, 2019.

Ticer's claims stem from Ticer's involvement in two lawsuits, and Imperium's alleged failure to provide coverage to him during the second lawsuit and Ironshore's alleged failure to provide coverage to him during both lawsuits. Regarding the first lawsuit, Ticer alleges that Ironshore assumed his defense at trial but refused to defend him on appeal. Ticer won his appeal and seeks coverage from Ironshore for his out-of-pocket expenses defending his appeal. Regarding the second lawsuit, Ticer alleges that both Ironshore and Imperium were obligated to provide coverage for his defense, but that Imperium refused to defend him and that Ironshore never responded to his request for coverage.

B.

Ironshore timely removed this case to this Court under 28 U.S.C. § 1441. Ironshore, a Minnesota and New York citizen, seeks removal based on diversity jurisdiction. Ironshore argues that this Court possesses subject matter jurisdiction under 28 U.S.C. § 1332(a) because the amount in controversy minimum is met and because Imperium, a Texas citizen, was improperly joined to the lawsuit. Ironshore

argues that Imperium and Ironshore issued Ticer separate insurance policies at different times and for different coverage. Therefore, Ironshore maintains that Ticer's claims against Imperium should be severed and remanded to state court, while Ticer's claims against it should proceed before this Court.

In response, Ticer moved to remand this case to Texas state court. Ticer argues that aside from the fact that Ironshore did not obtain Imperium's consent for removal, removal is impossible because Imperium was properly joined to the lawsuit.[2] And, according to Ticer, because Imperium is a proper defendant and is a citizen of Texas, the forum defendant rule proscribes removal of the case to federal court.[3] Ticer's motion for remand is ripe for this Court's review.

## II.

With the facts and procedural posture set, the Court provides the applicable legal standards for removal.

### A.

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."[4] "For a case to be

---

[2] Ironshore properly maintains that Imperium's consent for removal is unnecessary because Ironshore, as the removing party, alleges that Imperium was improperly joined to the lawsuit. *See Jernigan v. Ashland Oil, Inc.,* 989 F.2d 812, 815 (5th Cir. 1993) ("[A]s a general rule, removal requires the consent of all co-defendants. In cases involving alleged improper or fraudulent joinder of parties, however, application of this requirement to improperly or fraudulently joined parties would be nonsensical, as removal in those cases is based on the contention that no other proper defendant exists.").

[3] The Court need not address the forum defendant rule, because as a threshold matter the Court finds that Imperium is not a proper defendant in this case. Therefore, the forum defendant rule does not apply.

[4] 28 U.S.C. § 1441(a).

3

removable based on diversity jurisdiction, 'all persons on one side of the controversy [must] be citizens of different states than all persons on the other side.'"[5] Because Ticer and Imperium are both citizens of Texas, diversity of citizenship does not exist here. And so, to remove this case to federal court, Ironshore "must establish some legal basis for disregarding the lack of diversity"[6] between Ticer and Imperium.

B.

The Court finds that Ironshore has established a legal basis for disregarding a lack of diversity of citizenship through the doctrine of improper joinder, on the ground of procedural misjoinder.

i.

Improper joinder is "a narrow exception to the rule of complete diversity."[7] With this doctrine, "a defendant can remove a case to federal forum when the party whose presence destroys complete diversity has not been 'properly joined.'"[8] "Because 'the effect of removal is to deprive the state court of an action properly before it,

---

[5] *Superior Air Parts, Inc. v. Kubler*, No. 3:14-CV-3492-D, 2015 WL 567223 at *3 (N.D. Tex. 2015) (Fitzwater, J.) (quoting *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008); *see Delphis, L.P. v. NFLP Holdings, Ltd.*, 3:10-CV-01583-F, 2010 WL 11561744 at *2 (N.D. Tex. 2010) (Ferguson, J.) ("When a district court's removal jurisdiction is based on diversity, as is the case here, a defendant's ability to remove is limited by the citizenship of its co-defendants. Thus, the plaintiff must be diverse from all defendants . . . none of the parties 'properly joined and served as defendants [can be] a citizen of the State in which such action is brought.'" (quoting 28 U.S.C. § 1441(b)) (internal citations omitted).

[6] *Superior Air Parts*, 2015 WL 567223 at *3.

[7] *Id.* at *5.

[8] *Id.* (quoting *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc)); *see* 28 U.S.C. § 1441(b) ("A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined* and served as defendants is a citizen of the State in which such action is brought.") (emphasis added).

removal raises significant federalism concerns.'"[9]  And so this Court must narrowly construe 28 U.S.C. § 1441(a) by resolving any doubt—including all "contested factual issues and ambiguities of state law"—in favor of the plaintiff.[10]  The party seeking removal bears the "heavy" burden of establishing improper joinder.[11]

ii.

One ground for establishing improper joinder—and one that Ironshore alleges—is procedural misjoinder (also known as improper misjoinder).  Procedural misjoinder occurs when the plaintiff fails to "comply with the procedural joinder rules."[12]  Under Texas law, "a plaintiff may join multiple defendants if (1) 'there is asserted against them jointly, severally, or in the alternative any right to relief,' (2) that right to relief is 'in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences,' and (3) 'any question of law or fact common to all of them will arise in the action.'"[13]  And so, in Texas, procedural misjoinder occurs if a plaintiff joins a defendant without meeting all three of Rule 40(a)'s requirements.

Although procedural misjoinder "is yet to be adopted by the Fifth Circuit," the Court addressed it in depth in *Delphis* and the Court adopts its thorough analysis

---

[9] *Superior Air Parts*, 2015 WL 567223 at *5 (quoting *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007)).

[10] *Superior Air Parts*, 2015 WL 567223 at *5 (quoting *Gasch*, 491 F.3d at 281).

[11] *Delphis*, 2010 WL 11561744 at *2 (citing *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005)).

[12] *Delphis*, 2010 WL 11561744 at *2.

[13] *Id.* (quoting Tex. R. Civ. P. 40(a)).

5

there.[14] As it did in *Delphis*, the Court holds that procedural misjoinder is a valid basis for establishing improper joinder, that Texas procedural rules apply when determining the propriety of the joinder, and that the standard the Court should apply in viewing the joinder is whether there is a reasonable basis to predict that a state court would find proper joinder.[15]

### III.

Using these legal standards, the Court holds that there is no reasonable basis to conclude that Imperium was properly joined to this lawsuit. Ticer failed to comply with Texas procedural rules. His alleged right to relief against Ironshore and alleged right to relief against Imperium do not—as Texas law requires for proper joinder—arise out of the same transaction, occurrence, or series of transactions or occurrences. Therefore, Ticer improperly joined Imperium to his lawsuit against Ironshore.

At first glance, Ticer's argument for remand seems persuasive. Ticer's first lawsuit involving Neuro Stim Technologies, LLC (Neuro) and Reed Migraine Center of Texas, PLLC (Reed) began in August 2014, and the second lawsuit began in June 2018. Ironshore was Ticer's malpractice insurance carrier from October 2013 to October 2014. And although Imperium was not Ticer's insurance carrier at the time of the August 2014 lawsuit, Imperium's policy (in effect from October 2017 to October 2018) covered Ticer's claims made for occurrences on or after the policy's retroactive

---

[14] *Delphis*, 2010 WL 11561744 at *5–9 (internal citations omitted).
[15] *Id.* at *5.

date of October 1, 2009, unless those claims were excluded from coverage. And so, barring an exclusion, Imperium should have covered the June 2018 lawsuit.

But there was an exclusion. Ticer's Imperium policy expressly excluded claims involving Reed, as Imperium's October 19, 2018 denial letter confirms. Because Imperium was not obligated to cover any defense against Reed, Ticer has no alleged right to relief against Imperium at all—much less a right to relief that arises out of the same transaction, occurrence, or series of transactions or occurrences with Ironshore. This procedural misjoinder establishes improper joinder—a valid basis for removal of Ticer's lawsuit against Ironshore to this Court.

IV.

For these reasons, the Court **DENIES** Ticer's motion to remand. Therefore, Ticer's claims against Imperium are severed and remanded to state court, while Ticer's claims against Ironshore will proceed, under diversity jurisdiction, before this Court. All relief not expressly granted is denied.

**IT IS SO ORDERED** this 15th day of January 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE