UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

MARK A. TICER d/b/a LAW OFFICE § 
OF MARK A. TICER, § 
 § 
    *Plaintiff*, § Civil Action No. 3:19-CV-00481-X
 § 
v. § 
 § 
IMPERIUM INSURANCE COMPANY § 
and IRONSHORE INDEMNITY, INC., § 
 § 
    *Defendants*. § 

## **MEMORANDUM OPINION AND ORDER**

Before the Court is plaintiff Mark A. Ticer's *Motion for Expedited Treatment of Plaintiff's Motion for Reconsideration*, filed on January 27, 2020 [Doc No. 31]. Ironshore responded on February 11, 2020 [Doc. No. 33]. After careful consideration of the parties' arguments, the Court **GRANTS IN PART** the motion.[1] Therefore, the Court **VACATES** its memorandum and opinion denying Ticer's motion to remand [Doc. No. 25].

But the Court does not grant Ticer's motion to remand at this time. Instead, for the reasons provided below, the Court **ORDERS** the parties to submit a joint report detailing what limited discovery they need from each other, if any, to sufficiently brief the Court on the meaning and relevance of the Imperium policy

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

1

exclusion (that the Court previously identified) for the purposes of determining improper joinder. The joint report on discovery regarding summary-inquiry evidence must be filed by Wednesday, February 19, 2020.

I.

There are three grounds for establishing improper joinder.[2] In its January 15, 2020 memorandum opinion and order, the Court denied Ticer's motion to remand on one of the three grounds—procedural misjoinder. The Court grants in part Ticer's motion for reconsideration because, after careful consideration, the Court determines that the proper ground for deciding improper joinder in this case is whether Ticer is unable "to establish a cause of action against the nondiverse party in state court."[3] The Fifth Circuit has called this ground of improper joinder, "fraudulent joinder."[4]

The test for finding fraudulent joinder is "whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[5] The removing party has the burden of demonstrating that the non-diverse defendant has been fraudulently joined to defeat diversity jurisdiction.[6]

---

[2] *See Delphis, L.P. v. NFLP Holdings, Ltd.*, 2010 WL 11561744 at *2 (N.D. Tex. 2010) (Ferguson, J.) (stating that the "three grounds for establishing improper joinder" are "(1) actual fraud in the pleading of jurisdictional facts, (2) the inability of the plaintiff to establish a cause of action against the nondiverse party in state court, *or* (3) the failure to comply with the procedural joinder rules") (emphasis added).

[3] *Smallwood v. Ill. Cent. R.R.*, 385 F.3d 568, 572 (5th Cir. 2004) (en banc).

[4] *Id.* at 573.

[5] *Id.*

[6] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999) ("To establish that a non-diverse defendant has been fraudulently joined to defeat diversity jurisdiction, the removing party

2

There are two means for a Court to satisfy the fraudulent-joinder test. The first is a Rule 12(b)(6)-type analysis, in which the Court looks "initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[7] The second is when a plaintiff "has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder."[8] The latter method allows the district court to, "in its discretion, pierce the pleadings and conduct a summary inquiry."[9]

The summary inquiry allows the Court to "consider 'summary judgment-type evidence such as affidavits and deposition testimony' when reviewing a fraudulent joinder claim."[10] With a summary inquiry, the Court does not seek to determine the plaintiff's "motive or purpose of the joinder"[11] of the in-state defendant to the lawsuit. The Court instead seeks "only to identify the presence of discrete and undisputed facts that would preclude plaintiff's recovery against the in-state defendant."[12] To

---

must prove that there has been outright fraud in the plaintiff's pleading of the jurisdictional facts, or that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court."). *See, e.g., Travis v. Irby*, 326 F.3d 644, 650 (5th Cir. 2003) ("In order to establish that [the in-state defendant] was fraudulently joined, the defendant must put forward evidence that would negate a possibility of liability on the part of [the in-state defendant].").

[7] *Smallwood*, 385 F.3d at 573.

[8] *Id.*

[9] *Id. See Travis*, 326 F.3d at 648–49 ("Of course, although the fraudulent joinder and Rule 12(b)(6) standards appear similar, the scope of the inquiry is different. For Rule 12(b)(6) motions, a district court may only consider the allegations in the complaint and any attachments. For fraudulent joinder, the district court may, as it did in this case, 'pierce the pleadings' and consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff.").

[10] *Griggs*, 181 F.3d at 700 (citing *Cavallini v. State Farm Mutual Auto. Ins. Co.*, 44 F.3d 256, 263 (5th Cir. 1995)).

[11] *Smallwood,* 385 F.3d at 574.

[12] *Id.* at 573–74.

3

conduct this summary inquiry, the Court is permitted by the Fifth Circuit to allow limited discovery "sharply tailored to the question at hand."[13]

II.

Here, the Court—in its discretion—determines that a summary inquiry is necessary to determine whether Imperium was improperly joined to this lawsuit, specifically with regard to the exclusion of the relevant claim in the Imperium policy. Ironshore presented alleged evidence in the form of a copy of Imperium's insurance policy with an exclusion that was the basis of Imperium's denial of coverage letter to Ticer. The Court has identified this exclusion, which seems to go to the heart of this matter.[14] Ticer attempts to cast doubt on the exclusion's relevance and meaning, but the Court finds his protests to be premature. The Court must conduct a summary inquiry regarding the exclusion to determine whether Ticer has any possibility of recovery against Imperium in light of the exclusion.

III.

For these reasons, the Court **ORDERS** the parties to submit a joint report detailing what limited discovery they need from each other, if any, to sufficiently brief the Court on the meaning and relevance of the Imperium policy. The intent for requesting this joint report is so that the Court can permit very limited discovery supporting a summary-inquiry analysis to satisfy the improper-joinder standard in

---

[13] *Id.* at 574.

[14] True, "Judges are not like pigs, hunting for truffles buried in briefs." *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991). But Ironshore seems to have buried in its response and appendix what appears to be a truffle, and the Court seems to have found what looks like one. And it requires from the parties an explanation.

4

deciding the motion to remand. The joint report on discovery regarding summary-inquiry evidence must be filed by Wednesday, February 19, 2020. After the parties submit this joint report, the Court will by separate order establish the limits of discovery and set a briefing schedule on the issues it wishes to consider regarding the motion to remand.

**IT IS SO ORDERED** this 12th day of February 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE