UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MARK A. TICER d/b/a LAW OFFICE OF MARK A. TICER, <br><br>*Plaintiff*, <br><br> v. <br><br> IMPERIUM INSURANCE COMPANY and IRONSHORE INDEMNITY, INC., <br><br>*Defendants*. | § § § § § § § § § § § § § § Civil Action No. 3:19-CV-00481-X |

## MEMORANDUM OPINION AND ORDER

Plaintiff Mark A. Ticer sued defendants Imperium Insurance Company and Ironshore Insurance Company in state court for refusing to pay his professional liability claim.[1] Ironshore removed this case to federal court unilaterally, alleging improper joinder of Imperium.[2] Ticer filed a motion to remand.[3] The Court at first denied this motion, instead severing Imperium's claims and remanding them to state court, but reconsidered and vacated this order shortly thereafter.[4] The Court then ordered a summary inquiry to determine whether Imperium was improperly joined,

---

[1] Doc. No. 1, Attachment 2.

[2] Doc. No. 1.

[3] Doc. No. 10.

[4] Doc. No. 25; Doc. No. 34.

instructing the parties to produce a joint status report detailing what discovery they needed on this narrow question.[5]

The parties disagreed on the amount of discovery necessary, but the defendants agreed to provide several documents, including the insurance policy at issue and an accompanying business records affidavit, to Ticer.[6] The Court ordered them to do so.[7] Ticer did not object to this arrangement, and did not file any discovery requests or motions objecting to the accuracy of the documents.

After this exchange of documents, neither party filed proposed factual discovery requests. So the Court ordered both parties to brief the Court on the significance of the Imperium policy, focusing on the exception Imperium had originally relied upon to deny coverage to Ticer.[8] The defendants did so, and included the documents they had exchanged with Ticer as an appendix to their briefing.[9] Ticer filed a brief as well, but also moved to strike the defendants' brief.[10]

The Court has completed its summary inquiry, and Ticer's motion to strike is now ripe. And the Court **DENIES** the motion to strike [Doc. No. 51], **DENIES** the

---

[5] *Id.* at 1–2. Ticer appealed this ruling, but the Fifth Circuit dismissed that appeal for lack of jurisdiction.

[6] *See generally* Doc. No. 44.

[7] Doc. No. 46.

[8] Doc. No. 47.

[9] Doc. No. 48; Doc. No. 49.

[10] Doc. No. 50; Doc. No. 51.

motion to remand [Doc. No. 10], and **DISMISSES WITH PREJUDICE** Ticer's claims against Imperium.

In its prior order, the Court found that the proper grounds for determining whether Imperium was improperly joined to this suit was fraudulent joinder.[11] This species of misjoinder arises when a plaintiff joins a defendant that he cannot recover against to defeat federal diversity jurisdiction. The Court may find fraudulent joinder if the removing defendant demonstrates "that there is no possibility of recovery by the plaintiff against an in-state defendant."[12] In other words, the removing party must show "outright fraud in the plaintiff's pleading of the jurisdictional facts, or that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court."[13]

The Court can determine whether the removing party has carried this burden by first looking at the allegations of the complaint to see whether it states a claim against the non-diverse defendant.[14] But if the removing party argues the plaintiff "has misstated or omitted discrete facts that would determine the propriety of joinder[,]" the Court may, "in its discretion, pierce the pleadings and conduct a summary inquiry."[15]

---

[11] Doc. No. 34 at 2.

[12] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (en banc).

[13] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

[14] *See Smallwood*, 385 F.3d at 573.

[15] *Id.*

During a summary inquiry, the Court may "consider summary judgment-type evidence such as affidavits and deposition testimony . . . ."[16] This inquiry does not go to the merits of the case, but rather aims at a factual determination that bears on the threshold procedural question of jurisdiction.  In other words, the purpose of the Court's summary inquiry is not to delve the merits of the case, but to decide whether a party (in this case, Imperium) was fraudulently joined.

The Court finds, upon conducting its summary inquiry, that an exclusion contained in the insurance policy at issue plainly bars Ticer from receiving the coverage that he alleges Imperium denied.  So Ticer will not be able to "establish a cause of action against [Imperium] in state court," and Imperium was therefore fraudulently joined.

The Incident Exclusion, as contained in the uncontroverted insurance policy document Imperium provided during the limited discovery period, states that the "policy does not apply to any claim arising out of the facts and circumstances of the following incident: . . . Reed Migraine Centers of Texas."[17]  This refers to a past professional liability claim leveled against Ticer in part by Reed Migraine Centers of Texas, a former client.[18]  The suit Imperium refused to indemnify Ticer for also

---

[16] *Griggs*, 181 F.3d at 700 (quotation marks omitted).

[17] Doc. No. 49, Attachment 2 at 31.  Imperium referred directly to this exclusion when denying coverage.  *See* Doc. No. 49, Attachment 4 at 2.

[18] Ticer's own claim application provides this detail.  Doc. No. 49, Attachment 3 at 14.

4

involved Reed Migraine Centers of Texas, so Ticer would not be able to recover against Imperium.[19]

But Ticer does not seem interested in discussing this salient point. Instead, he would rather rehash an argument this Court has already found fruitless, namely that "Imperium is no longer before this Court[.]" This is untrue, and the Court has already explained why in its prior order, but will do so one final time.

Courts have discretion to timely vacate an order to remand a party back to state court.[20] The Court did so. And this meant Imperium was back in front of federal court, as though its claims had never been severed and remanded to state court. Both cases that Ticer cites to the contrary deal with vacation of remands based on a lack of subject-matter jurisdiction.[21] But the Court originally remanded Imperium's claims based on improper joinder, and the Supreme Court's *Bronson* decision guides the Court's discretionary decision to vacate its prior order.[22]

---

[19] *See* Doc. No. 49, Attachment 5. Ticer cannot expect the Court to believe, as he argues, that the Incident Exclusion does not apply solely because "Reed Migraine Centers of Texas" is spelled differently in the Incident Exclusion than it was in his claim. This contention flies in the face of the Incident Exclusion's obvious purpose and plain meaning. The parties are the same. This is blindingly clear from the complaint in the state case for which Ticer filed his claim with Imperium. *See id.*

[20] *See Bronson v. Schulten*, 104 U.S. 410, 415 (1881) ("It is a general rule of the law that all the judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may then be set aside, vacated, modified, or annulled by that court. But it is a rule equally well established, that after the term has ended all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them[.]").

[21] *See In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991); *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984).

[22] Moreover, this Court's judgments on such matters are not, as Ticer says, "advisory opinions." The Court undoubtedly has the constitutional authority to address questions of law like improper joinder. *See* U.S. CONST. art. III § 2; *see also Golden v. Zwickler*, 394 U.S. 103, 108 (1969) (requiring "concrete legal issues, presented in actual cases, not abstractions" for adjudication of a claim).

Ticer's other arguments fail too. He asserts Ironshore cannot argue based on fraudulent joinder when it previously argued procedural misjoinder.[23] But he cites no controlling authority for this proposition and the Court can find none, so the Court finds this assertion unpersuasive. Ticer next takes issue with the Court's choice to conduct a summary inquiry at all, accusing the Court of pre-trying this case's merits.[24] While the Fifth Circuit has recognized that "[a]ttempting to proceed beyond this summary process carries a heavy risk of moving the court beyond jurisdiction and into a resolution of the merits,"[25] the Court is limiting its review to the summary inquiry the Fifth Circuit has called for in such situations, which focuses on a single "discrete and undisputed fact" (in this case, whether Imperium was properly joined). Limited discovery on this fact showed the Court they were not. Dismissal of claims involving Imperium on these grounds does not amount to a ruling on the merits.[26]

\* \* \*

The Court **DENIES** Ticer's Motion to Strike and Motion to Remand and **DISMISSES WITH PREJUDICE** his claims against Imperium.

---

[23] Doc. No. 50 at 13–15.

[24] *Id.* at 16–19.

[25] *Smallwood*, 385 F.3d at 574.

[26] Ticer also filed a Motion to Strike, claiming that Ironshore and Imperium's briefing must be disregarded because the defendants "expressly disregarded this court's Electronic Order 47 by arguing other exclusions in the Imperium policy that they now argue apply." Doc. No. 51 at 2. Ticer has misread the Court's order, which never instructed the parties to cabin their briefs to the Incident Exclusion alone. The Court will therefore deny the motion.

**IT IS SO ORDERED** this 4th day of February, 2021.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE